UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EZRA COHEN,                                        Case No. 07 CIV 5834
                                                   JUDGE CASTEL

                     Plaintiff,                AMENDED COMPLAINT

       -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

                     Defendants
------------------------------------------------------------x

      Plaintiff, amending his complaint, pursuant Rule 15(a) of the Federal Rules of Civil Procedure, by his attorney, alleges:

### JURISDICTION AND VENUE

1. This action is brought, and this Court has jurisdiction, pursuant to 28 U.S.C. Section 1332.

2. Plaintiff is a citizen of Mexico.

3. Defendants are citizens of the State of New York.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is placed in this District because the defendants reside in the

Southern District of New York.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT ELIAS HOROWITZ

6. Plaintiff purchased an insurance policy from La Suisse Life Insurance Company ("La Suisse").

7. Pursuant to said policy, plaintiff was entitled to receive the sum of 68,127.13 Swiss Francs; at the time the sum was due to him, the value of said Swiss Francs was $54,941.00.

8. Defendant converted said sum to himself and has refused to pay it over to plaintiff although duly demanded.

9. As a result of said conversion, plaintiff was compelled to borrow fifty-five thousand dollars ($55,000.00) from others and was required to pay interest on said loans totaling $48,000.00 as of July 31, 2007 and is required to continue to pay interest at 4% per month on principal of $55,000.00 and has paid fees totaling $4600.86 because of checks issued by and on behalf of defendants which were returned for insufficient funds.

## SECOND CAUSE OF ACTION AGAINST BOTH DEFENDANTS

10. Plaintiff repeats the allegations set forth in paragraphs 1 through 9 of

the complaint as if fully set forth herein.

11. In May of 2006, plaintiff's agent, Oscar Stern, called the office of defendant Horowitz and spoke to defendant Werzberger.

12. Stern told Werzberger that he was calling on behalf of plaintiff and wished to make inquiry regarding when the proceeds of the aforesaid insurance policy would be made to plaintiff and whether plaintiff could receive the funds directly from La Suisse.

13. Werzberger told Stern that she was an associate of defendant Horowitz, that she was authorized to speak on his behalf and could answer any questions that he wished to pose.

14. Stern inquired, on behalf of plaintiff, whether he could receive the funds due to him from La Suisse directly from said firm and when the funds would be disbursed to plaintiff..

15. Stern also informed Werzberger that defendant urgently needed the funds to pay debts which he had incurred.

16. Defendant Werzberger told Stern that plaintiff could not receive the funds directly from La Suisse and that the funds would be forwarded to plaintiff by defendant Horowitz and that he would receive the funds in one month.

17. Stern conveyed this information to plaintiff.

18. These representations were false and defendant Werzberger knew they were false.

19. Upon information and belief, defendant Horowitz authorized said false representations and knew them to be false.

20. The defendants made said representation with the intent to defraud plaintiff by inducing plaintiff not to seek payment from LaSuisse so that defendants could convert the funds.

21. Stern advised plaintiff of said representations.

21. Plaintiff did not know that the aforesaid representation were false.

22. The defendants made said representations with the intent to defraud plaintiff by inducing him not to seek payment from LaSuisse so that defendant Horowitz could convert the funds.

23. Relying on the aforesaid false representation, plaintiff borrowed fifty-five thousand dollars ($55,000.00) and was required to pay interest on said loans at the rate of four percent per month.

24. The funds in question were not sent to plaintiff within the approximately one month period promised by Werzberger.

25. Stern continued to call Werzberger almost every week to inquire as to

the status of the funds in question.

26. From June 2006 until January 2007, Werzberger represented to Stern that the funds were delayed because of unspecified problems at La Suisse, but continuously assured him that the funds would be received by plaintiff before long.

27. These representations were false and defendant Werzberger knew them to be false.

28. Upon information and belief, defendant Horowitz authorized said false representations and knew them to be false.

29. Stern advised plaintiff of said representations

30. Plaintiff did not know that such representations were false.

31. As a result of said false representations, plaintiff was required to continue to pay interest on the loans totaling $5,000.00 and has paid interest totaling $38,400.00 on said loans.

32. On or about February 15, 2007, defendants sent to plaintiff two checks totaling 68,127.13 Swiss Francs.

33. By issuing said checks, defendants represented that there were sufficient funds in the bank account to cover those checks.

34. This representation was false and defendants knew it to be false.

35. Plaintiff did not know that such representation was false.

36. Relying on the aforesaid false representation, plaintiff cashed the checks at Casa de Cambio Tiber, a check cashing agency in Mexico.

37. Plaintiff used the sum received from Casa de Cambio Tiber to repay the aforesaid loans of $55,000.00.

38. The checks which plaintiff cashed were dishonored and returned to Casa de Cambio Tiber because there were insufficient funds in the account to cover either check.

39. Plaintiff was thereby compelled to borrow $55,000.00 once again and paid and is paying interest at the rate of 4% per month; as of July 31, 2007, plaintiff has paid $9,600.00 in interest and interest continues to accrue at the rate of 4% per month.

40. In addition, Casa de Cambio Tiber charged plaintiff costs and fees totaling $4,600.86 because the checks were returned.

41. Moreover, Casa de Cambio Tiber demanded immediate repayment of the money given to plaintiff.

42. Upon information and belief, failure to immediately repay the sum cashed by plaintiff is a crime in Mexico.

43. Fearing arrest, plaintiff left his home for ten days weeks and suffered severe emotional distress.

44. Plaintiff was unable to repay the sum given to him by Casa de Cambio Tiber for a period of approximately ten days, when he was able to borrow enough money to return the sum in question, plus costs and fees, to Casa de Cambio.

50. The defendants' objective in making the aforesaid false representations was to obtain the sum due to plaintiff from La Suisse and to retain said sum for Horowitz.

WHEREFORE, plaintiff demands judgment (a) against defendant ELIAS HOROWITZ on the First Cause of Action in the sum of $107,541.86 in actual damages, plus damages which accrue during the pendency of this action and $500,000.00 in punitive damages, together with costs, disbursements and attorney's fees, and (b) against defendants ELIAS HOROWITZ and SARAH WERZBERGER, jointly and severally, on the Second Cause of Action, in the sum of $107,541.86 in actual damages, plus damages which accrue during the pendency of this action and $500,000.00 in punitive damages, together with costs, disbursements and attorney's fees.

*[signature]*

SOLOMON ROSENGARTEN (SR-8050)
Attorney for Plaintiff
1704 Avenue M
Brooklyn, New York 11230
(718) 627-4460