UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERZA COHEN,                                                                        Case No.: 07-CIV-5834

                            Plaintiff,

                     -against-                                                            **ANSWER TO**
                                                                                   **AMENDED COMPLAINT**

ELIAS HOROWITZ a/k/a AL HOROWITZ a/k/a
ALISHA E. HOROWITZ a/k/a ALIAS HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER
a/k/a CHAYA SARAH WERZBERGER,

                            Defendants.
------------------------------------------------------------------------X

       Defendant, ELIAS HOROWITZ, by his attorneys Smith, Buss and Jacobs, LLP, respectfully answers Plaintiff's Amended Complaint as follows:

       1.   Defendant denies the allegations set forth in paragraph 1 of the Amended Complaint.

       2.   Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 2 of the Amended Complaint.

       3.   Defendant admits that the portion of the allegation set forth in paragraph 3 of the Amended Complaint which alleges that ELIAS HOROWITZ is a citizen of the State of New York.

       4.   Defendant denies the allegations set forth in paragraph 4 of the Amended Complaint.

       5.   Defendant admits that he resides at 3 Siget Court, Unit 201, Monroe, New York 10950 and refer all conclusions regarding venue to this Court.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT ELIAS HOROWITZ

       6.   Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Amended Complaint but affirmatively alleges that the named policyholder and beneficiary is not plaintiff Ezra Cohen.

7. Defendant denies the allegations set forth in paragraph 7 of the Amended Complaint except to the extent that the value of the claim is limited to $54,951.00 U.S. Dollars.

8. Defendant denies the allegation set forth in paragraph 8 of the Amended Complaint.

9. Defendant denies the allegations set forth in paragraph 9 of the Amended Complaint.

## SECOND CAUSE OF ACTION AGAINST BOTH DEFENDANTS

10. Defendant repeats and realleges the admissions and denials previously set forth as if fully set forth here.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 11 of the Amended Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 12 of the Amended Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 13 of the Amended Complaint, but admits that Werzberger is an employee of a company of which ELIAS HOROWITZ is the principal.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 14 of the Amended Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 15 of the Amended Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 16 of the Amended Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 17 of the Amended Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 18 of the Amended Complaint, and respectfully refers all conclusions of law and fact to this Court.

19. Defendant denies the allegations set forth in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Amended Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 21 of the Amended Complaint.

21A. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in the second paragraph numbered 21 of the Amended Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth or allegations set forth in paragraph 23 of the Amended Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 24 of the Amended Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 25 of the Amended Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 26 of the Amended Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 29 of the Amended Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 30 of the Amended Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 31 of the Amended Complaint, and respectfully refers all conclusions of law and fact to this Court.

32. Defendant admits that on or about February 2007, two checks totaling $68,127.13 Swiss Francs were sent to Plaintiff by a non-party to this proceeding but otherwise denies the allegations of said paragraph 32.

33. Defendant denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Amended Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 35 of the Amended Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 36 of the Amended Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 37 of the Amended Complaint.

38. Defendant admits the allegations set forth in paragraph 38 of the Amended Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 39 of the Amended Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 40 of the Amended Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 42 of the Amended Complaint, and respectfully refers all conclusions of law and fact to this Court.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 43 of the Amended Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 44 of the Amended Complaint.

50.   Defendant denies the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Defendant affirmatively alleges that the Amended Complaint served upon him does not contain certain paragraphs numbered 45, 46, 47, 48 and 49 and that Defendant is advised by Plaintiff's counsel that no such paragraphs exist.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

52.     Defendant repeats and realleges the admissions and denials previously set forth as if fully set forth here.

53.     Plaintiff is an improper party since he is neither the policy holder nor the beneficiary of the insurance policy at issue.

54.     As such, Plaintiff lacks standing and this action should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55.     Defendant repeats and realleges the admissions and denials previously set forth as if fully set forth here.

56.     The Court lacks diversity jurisdiction because the true amount is controversy is less than $75,000.00.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57.     Defendant repeats and realleges the admissions and denials previously set forth as if fully set forth here.

58.     Plaintiff has failed to join necessary parties.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59.     Defendant repeats and realleges the admissions and denials previously set forth as if fully set forth here.

60.     Plaintiff has failed to allege that defendant ELIAS HOROWITZ made any representations to Plaintiff.

61.     As such, Plaintiff's second cause of action for fraud must be dismissed as a matter of law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62.     Defendant repeats and realleges the admissions and denials previously set forth as if fully set forth here.

63.     Plaintiff is not a beneficiary of the insurance policy at issue.

64.     The contract of insurance does not provide for payment of benefits by a fixed date.

65.     The contract of insurance does not provide for the payment of interest between the date of a claim and the payment of claim.

66.     As such, Plaintiff had no legal right to assume that payment of claim would be made to him or the beneficiary, by a date certain or to reasonably rely upon any representation that it would.

67.  As such, Plaintiff's fraud claim must be dismissed as a matter of law because Plaintiff cannot, as a matter of law reasonably rely upon the alleged promise of payment by a date certain, and has no right to recover interest paid on a loan Plaintiff voluntarily entered into with a third party.

**WHEREFORE,** Defendant demands judgment against Plaintiff as follows:

a)  dismissing Plaintiff's Complaint as against defendant ELIAS HOROWITZ;

b)  granting Defendant such other and further relief which may seem just and equitable to this Court.

DATED:   September 11, 2007

**SMITH, BUSS AND JACOBS, LLP**

By:  *[signature]* **JEFFREY D. BUSS, ESQ.** JDB-5792
Attorneys for Defendant, ELIAS HOROWITZ
733 Yonkers Avenue, Suite 200
Yonkers, NY 10704
Tel: (914) 476-0600

To:  Solomon Rosengarten, Esq.
     1704 Avenue M
     Brooklyn, New York  11230

## VERIFICATION

STATE OF NEW YORK        )
                         )ss:
COUNTY OF   Orange       )


**ELIAS HOROWITZ**, hereby affirms the following:

I am the Defendant in the within action and have read the foregoing *ANSWER TO AMENDED COMPLAINT* and know the contents thereof. The same are true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
ELIAS HOROWITZ

Affirmed to before me this
__11__ day of September, 2007

_____
NOTARY PUBLIC

JOEL MERTZ
Notary Public - State of New York
No. 01ME6090135
Qualified in Orange County
Commission Expires April 7, 2011

8