UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EZRA COHEN,                                    Case No. 07 CIV 5834
                                               JUDGE CASTEL

        Plaintiff,

        NOTICE OF MOTION
  -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

        Defendants
-----------------------------------------------------------------x

        PLEASE TAKE NOTICE that upon the annexed certification of Solomon Rosengarten, affirmed on the 25th day of October 2007, the undersigned will move this Court before the Hon. P. Kevin Castel, United States District Judge, at the courthouse, 500 Pearl Street, New York, New York, on the 5th day of November 2007, at 9:00 in the forenoon, or as soon as thereafter as counsel can be heard, for an order granting leave to amend the complaint and add an additional plaintiff, pursuant to Rules 12(a) and 21 of the Federal Rules of Civil Procedure and for such other relief as to the court may seem just and proper.

                                                  _____
                                                  SOLOMON ROSENGARTEN (SR-8050)

                                                  Attorney for Plaintiff
                                                  1704 Avenue M

Brooklyn, New York 11230
(718) 627-4460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EZRA COHEN,                                    Case No. 07 CIV 5834
                                               JUDGE CASTEL

              Plaintiff,                       CERTIFICATION IN

                                               SUPPORT OF MOTION

       -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

              Defendants
---------------------------------------------------------------------x
                                        STATE OF NEW YORK
COUNTY OF KINGS

       Solomon Rosengarten hereby certified as follows:

1.     I am the attorney for the plaintiff in the above-entitled matter, am fully familiar with the facts set forth herein and submit this certification in support of plaintiff's motion to add another party plaintiff to this action and amend the complaint.

2.     This is an action brought to recover an amount due from the defendant from the proceeds of an insurance policy which provided payment upon the marriage of the plaintiff's son, David Cohen (Exhibit "A").

3.     The policy in question was obtained and paid for by the plaintiff Ezra

Cohen.

4. The beneficiary of the policy was Ezra Cohen's son, David Cohen.

5. As set forth in the Amended Complaint herein, defendant issued checks to plaintiff Ezra Cohen in the amount owed, but those checks where dishonored (Exhibit "B").

6. Since the checks in question where issued to him, he was named as the plaintiff in this action.

7. Moreover, the communications alleged in the complaint between the plaintiff's agent and defendants were made on behalf of both David Cohen and Ezra Cohen.

8. Both Ezra Cohen and David Cohen reside in Mexico and do not speak English.

9. The communications with the undersigned with Ezra and David Cohen has been done through a friend of the Cohens, who is fluent in both English and Spanish, the latter being the language of the plaintiff Ezra Cohen and his son, David Cohen.

10. Subsequent to the filing of the complaint, the undersigned received a copy of the insurance policy which designated David Cohen as the beneficiary under the policy (Exhibit "A").

11. The undersigned was not aware of that and this probably was due to a

      failure of communication resulting from the fact that all communications between myself and the plaintiff was done through a translator intermediary and the fact that I had in my possession copies of the aforesaid dishonored checks.

12. Furthermore, I have received a clarification of the loss incurred by plaintiffs as a result of the loan obtained by them when the aforesaid checks were dishonored and the sum is less than was alleged in the Amended Complaint.

13. Under the circumstances, plaintiff should be permitted to add David Cohen as a party plaintiff as he is the beneficiary of the policy in question.

14. Ezra Cohen is also a proper plaintiff since defendants promised to pay to him the amount due on the policy and, in fact, issued checks to him, which were dishonored.

15. F.R.Civ.P 15(a) allows the Court to permit a party to amend a pleading by leave of court and "leave shall be freely given when justice so requires."

16. In addition, F.R.Civ.P 21 provides that a party may be added on motion of any party.

17. It is well settled that an amendment to a pleading should be permitted

if there is no prejudice to the opposing party.

18. In the instant case, the proposed addition to David Cohen as a plaintiff cannot be prejudicial to the defendants and the reduction of the sum demanded certainly cannot be prejudicial..

19. This action is at a very early stage and no discovery has yet been conducted except that the undersigned forwarded to counsel for defendant ELIAS HOROWITZ the disclosure required by F.R.Civ.P . 26(a)(1).

20. Moreover, defendant WERZBERGER has not yet been served with the Amended Complaint

21. Furthermore, plaintiff can commence a separate action on behalf of David Cohen.

22. Moreover, if such an action were commenced it would no doubt be consolidated with the instant action.

23.

24. Given the foregoing, the Court should grant plaintiff leave to add David Cohen as a plaintiff and to amend the complaint to include allegations made by him, as set forth in the proposed amended complaint annexed hereto as Exhibit "C".

Dated: Brooklyn, New York
    October 26, 2007

_____            SOLOMON ROSENGARTEN