UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EZRA COHEN,

               Plaintiff,

       -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

               Defendants

--------------------------------------------------------------------x

Case No. 07 CIV 5834
JUDGE CASTEL

NOTICE OF MOTION

       PLEASE TAKE NOTICE that upon the annexed certification of
Solomon Rosengarten, affirmed on the 25th day of October 2007, the undersigned
will move this Court before the Hon. P. Kevin Castel, United States District Judge,
at the courthouse, 500 Pearl Street, New York, New York, on the 5th day of
November 2007, at 9:00 in the forenoon, or as soon as thereafter as counsel can be
heard, for an order granting leave to amend the complaint and add an additional
plaintiff, pursuant to Rules 12(a) and 21 of the Federal Rules of Civil Procedure
and for such other relief as to the court may seem just and proper.

                       _____
                       SOLOMON ROSENGARTEN (SR-8050)
                       Attorney for Plaintiff
                       1704 Avenue M
                       Brooklyn, New York 11230
                       (718) 627-4460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EZRA COHEN,                                          Case No. 07 CIV 5834
                                                    JUDGE CASTEL

                    Plaintiff,                      CERTIFICATION IN
                                                    SUPPORT OF MOTION

            -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

                    Defendants
---------------------------------------------------------------x
STATE OF NEW YORK
COUNTY OF KINGS

        Solomon Rosengarten hereby certified as follows:

1.      I am the attorney for the plaintiff in the above-entitled matter, am fully familiar with the

        facts set forth herein and submit this certification in support of plaintiff's motion to add

        another party plaintiff to this action and amend the complaint.

2.      This is an action brought to recover an amount due from the defendant from the proceeds

        of an insurance policy which provided payment upon the marriage of the plaintiff's son,

        David Cohen (Exhibit "A").

3.      The policy in question was obtained and paid for by the plaintiff Ezra Cohen.

4.      The beneficiary of the policy was Ezra Cohen's son, David Cohen.

5.      As set forth in the Amended Complaint herein, defendant issued checks to plaintiff Ezra

Cohen in the amount owed, but those checks where dishonored (Exhibit "B").

6. Since the checks in question where issued to him, he was named as the plaintiff in this action.

7. Moreover, the communications alleged in the complaint between the plaintiff's agent and defendants were made on behalf of both David Cohen and Ezra Cohen.

8. Both Ezra Cohen and David Cohen reside in Mexico and do not speak English.

9. The communications with the undersigned with Ezra and David Cohen has been done through a friend of the Cohens, who is fluent in both English and Spanish, the latter being the language of the plaintiff Ezra Cohen and his son, David Cohen.

10. Subsequent to the filing of the complaint, the undersigned received a copy of the insurance policy which designated David Cohen as the beneficiary under the policy (Exhibit "A").

11. The undersigned was not aware of that and this probably was due to a failure of communication resulting from the fact that all communications between myself and the plaintiff was done through a translator intermediary and the fact that I had in my possession copies of the aforesaid dishonored checks.

12. Furthermore, I have received a clarification of the loss incurred by plaintiffs as a result of the loan obtained by them when the aforesaid checks were dishonored and the sum is less than was alleged in the Amended Complaint.

13. Under the circumstances, plaintiff should be permitted to add David Cohen as a party

plaintiff as he is the beneficiary of the policy in question.

14.    Ezra Cohen is also a proper plaintiff since defendants promised to pay to him the amount

due on the policy and, in fact, issued checks to him, which were dishonored.

15.    F.R.Civ.P 15(a) allows the Court to permit a party to amend a pleading by leave of court

and "leave shall be freely given when justice so requires."

16.    In addition, F.R.Civ.P 21 provides that a party may be added on motion of any party.

17.    It is well settled that an amendment to a pleading should be permitted if there is no

prejudice to the opposing party.

18.    In the instant case, the proposed addition to David Cohen as a plaintiff cannot be

prejudicial to the defendants and the reduction of the sum demanded certainly cannot be

prejudicial..

19.    This action is at a very early stage and no discovery has yet been conducted except that

the undersigned forwarded to counsel for defendant ELIAS HOROWITZ the disclosure

required by F.R.Civ.P . 26(a)(1).

20.    Moreover, defendant WERZBERGER has not yet been served with the Amended

Complaint[1]

21.    Furthermore, plaintiff can commence a separate action on behalf of David Cohen.

22.    Moreover, if such an action were commenced it would no doubt be consolidated with the

instant action.

---

[1] She has been served with the original complaint, but neither she nor her counsel have communicated with me.

23.

24. Given the foregoing, the Court should grant plaintiff leave to add David Cohen as a plaintiff and to amend the complaint to include allegations made by him, as set forth in the proposed amended complaint annexed hereto as Exhibit "C".

Dated: Brooklyn, New York
      October 26, 2007

 

SOLOMON ROSENGARTEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EZRA COHEN,

                   Plaintiff,

        -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

                  Defendants

-----------------------------------------------------------------x

Case No. 07 CIV 5834
JUDGE CASTEL

AFFIRMATION OF SERVICE

STATE OF NEW YORK
COUNTY OF KINGS

            Solomon Rosengarten, an attorney admitted to practice in the courts

of the State of New York, affirms the following under penalty of perjury:

           1. I am not a party to this action, am over 18 years of age and reside

in Brooklyn, New York.

           2. On October 26, 2007, I served a Notice of Motion, Certification in

Support of Motion, and Memorandum of Law by faxing and mailing it to:

                         Smith, Buss & Jacobs
                         Attorneys for Defendants
                         733 Yonkers Avenue
                         Yonkers, NY  10704
                         Fax (914) 476-0614

Dated:      Brooklyn, New York
             October 26, 2007

                                                        
SOLOMON ROSENGARTEN

EXHIBIT A

«La Suisse»

La Suisse, Life Insurance
Company, Lausanne

DUPLICATE

Policy Nr 1.098.983 - Date 06.04.94 - Page     1

*Vaqué a nivelos sets,*
*&frais*

Your agency : Av. de Rumine 13 - P.O. Box 1307
              1001 Lausanne - Tel. 021/313 6000

# I N D I V I D U A L   L I F E   I N S U R A N C E

Policy Nr 1.098.983
-------------------

Policyholder            COHEN DAVID

                        POLANCO
                        VAZQUEZ DE MELLA 412-101
                        MEX-11560 MEXICO D.F.

Person(s) Insured       A: COHEN DAVID

Kind of Insurance       GLOBAL, mixed insurance on the life of a child
                        Code: 11.0256.2/1 +0000.
                        Benefits insured: see following page(s)

Beginning of Contract   2.07.1994

End of Contract         2.07.2009

Premium
-------

Yearly                                      Due

SFR.     6.333,00.                          2.07.1994

                   Maturity: 01.07
                   Final Maturity:    1.07.2008

General Insurance Conditions (CGA) :    VI1/1993



La Suisse Life Insurance
Company, Lausanne

**《La Suisse》**

DUPLICATE

Policy Nr 1.098.983 - Date 06.04.94 - Page    2

Person Insured A:    COHEN DAVID                    born    2.01.1985
-----------------

Main Benefit
------------

In case of life  2.07.2009
Payment of a sum of                      SFR.    100.000.--

In case of death before   2.07.2009
Payment of a sum of                      SFR.    100.000.--

Complementary Benefits
----------------------

If marriage occurs before 2.07.2009
advanced payement of the lump sum
payable in case of life of               SFR.    100.000.--

**《La Suisse》** La Suisse, Life Insurance
Company, Lausanne

DUPLICATE

Policy Nr 1.098.983 - Date 06.04.94 - Page    3


Guarantee of Insurability
-------------------------

This right in favor of the insured person A is calculated on the
basis of a capital of SFR. 100.000.--.
This increase will be made in the form of a main benefit payable
in case of life at the end of the present contract, or in the case
of death if it occurs before this date.

Dividend-sharing
----------------

Dividends are paid into a savings account.

Claimants
---------

In case of life and death : the father, by failing the mother, by
failing the insured person A, by failing the brothers and sisters,
by failing the other heirs of the insured person A.

Special Clauses
---------------

Place of the payments of premiums:

A premium is considered paid only at the time that it is received at
the headquarters of <<La Suisse>> in Lausanne or, on behalf of the
company, at any one of the general agencies in Switzerland.

In case of marriage before having reached one's nineteenth
year the benefits shall be reduced according to the following scheme:
by year and/or part of year between the date of insured's
marriage and the one of his nineteenth year:
 5 % if the age of entry is between 0 and 1 year
 6 % if the age of entry is between 2 and 3 years
 7 % if the age of entry is between 4 and 5 years
 8 % if the age of entry is between 6 and 7 years
 9 % if the age of entry is between 8 and 9 years
10 % if the age of entry is ten years.

**《La Suisse》**        La Suisse Life Insurance
Company, Lausanne

DUPLICATE

Policy Nr. 1.098.983 - Date 06.04.94 - Page    4

Federal Law on Insurance Contracts (Art.12 LCA.)
-------------------------------------------------

In case the policy or endorsements do not correspond with the
original agreement, the policyholder must request correction within
4 weeks of receipt of the documents. Failure to do so will be
considered as acceptance.

Lausanne, le 06.04.94
La Suisse
Life Insurance Company

EXHIBIT B

CREDIT SUISSE
CH-6901 LUGANO, VIA CANOVA **1 5 FEB. 2007** **8 3 7 7 8 6**
CB 4456

**CH** Payez contre ce chèque / Zahlen Sie gegen diesen Check
Pagate contro questo chèque / Pay against this cheque

Thirty Four Thousand Sixty Three ₵ CHF **31,063.58**
58/XV

Ezra Cohen

ALICE SERVICES INC.
CTO. 424135-21

Zurich 07.02.07

04912058>045604241352100044560074J01<

Laisser cette partie en blanc / Bitte dieses Feld nicht beschriften / Lasciar libera questa casella / Leave this space empty



Pay to the order of any Bank,
Banker or Trust Company &
Prior Missing Endorsement Guaranteed
COMMERZBANK AG Frankfurt/Main

PAY TO ANY BANK, BANKER OR TRUST
COMPANY, PRIOR ENDORSEMENT GUARANTEED
CREDIT SUISSE 8070 ZURICH

8355070532 1480



CREDIT SUISSE
CH-6901 LUGANO, VIA CANOVA 15 FEB. 2007    83778.6    CB 4456

CH    Payez contre ce chèque    Zahlen Sie gegen diesen Check
Pagate contro questo chèque    Pay against this cheque

| Monnaie Währung | Montant / Betrag / Importo / Amount |
|---|---|
| CHF | 34,063.55 |

THIRTY FOUR THOUSAND SIXTY THREE AND***
Montant en lettres / Betrag in Worten / Importo in lettere / Amount in letters    55/00***************

à / an / a / to    EZRA COHEN

ALICE SERVICES INC.    ZURICH 30.01.07
Lieu, Date / Ort, Datum / Luogo, Data / Place, Date

CTO. 424135-21

Signature / Unterschrift / Firma

N° chèque / Check N.    ▲    No compte / Konto-Nr.    No CID / BC-Nr.    Montant / Betrag

04912010>0456042413521000445600074J01<

Laisser cette partie en blanc / Bitte dieses Feld nicht beschriften / Lasciar libera questa casella / Leave this space empty



Pay to the order of any Bank
ENDORSEMENT CAR-Bankers or Trust Company
CREDIT SUISSE    Prior Missing Endorsement guarantee
COMMERZBANK AG Frankfurt/Main

PAY TO ANY BANK, BANKER OR TRUST    19 7 17
COMPANY, PRIOR ENDORSEMENT GUARANTEED
CREDIT SUISSE 8070 ZURICH

83550705321479

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EZRA COHEN and DAVID COHEN,                    Case No. 07 CIV 5834
                                               JUDGE CASTEL

                    Plaintiffs,                SECOND AMENDED
                                               COMPLAINT

        -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

                    Defendants
-------------------------------------------------------------------x

        Plaintiffs, as and for a second amended complaint, pursuant Rule

15(a) of the Federal Rules of Civil Procedure, by their attorney, allege:

## JURISDICTION AND VENUE

1. This action is brought, and this Court has jurisdiction, pursuant to 28

   U.S.C. Section 1332.

2. Plaintiffs are citizens of Mexico.

3. Defendants are citizens of the State of New York.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and

   costs.

5. Venue is placed in this District because the defendants reside in the

Southern District of New York.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
## ELIAS HOROWITZ

6.   Plaintiff DAVID COHEN purchased an insurance policy from La Suisse Life Insurance Company ("La Suisse").

7.   Pursuant to said policy, said plaintiff was entitled to receive the sum of 68,127.13 Swiss Francs; at the time the sum was due to him, the value of said Swiss Francs was $54,941.00.

8.   Defendant converted said sum to himself and has refused to pay it over to plaintiff DAVID COHEN although duly demanded.

9.   Relying on the aforesaid false representation, plaintiff DAVID COHEN asked plaintiff EZRA COHEN to borrow fifty-five thousand dollars ($55 ,000.00) on his behalf.

10.  Plaintiff EZRA COHEN obtained such a loan and was required to pay interest on said loan at the rate of four percent per month.

11.  Plaintiff DAVID COHEN agreed to repay EZRA COHEN the principal of said loan plus the interest paid by him.

## SECOND CAUSE OF ACTION AGAINST BOTH DEFENDANTS

12.  Plaintiffs repeat the allegations set forth in paragraphs 1 through 11 of the complaint as if fully set forth herein.

13. In May of 2006, plaintiff's agent, Oscar Stern, called the office of defendant Horowitz and spoke to defendant Werzberger.

14. Stern told Werzberger that he was calling on behalf of plaintiffs and wished to make inquiry regarding when the proceeds of the aforesaid insurance policy would be made and whether plaintiff DAVID COHEN could receive the funds directly from La Suisse.

15. Werzberger told Stern that she was an associate of defendant Horowitz, that she was authorized to speak on his behalf and could answer any questions that he wished to pose.

16. Stern inquired, on behalf of plaintiff DAVID COHEN, whether he could receive the funds due to him from La Suisse directly from said firm and when the funds would be disbursed to plaintiff..

17. Stern also informed Werzberger that plaintiff urgently needed the funds to pay debts which he had incurred.

18. Defendant Werzberger told Stern that plaintiff DAVID COHEN could not receive the funds directly from La Suisse and that the funds would be forwarded to him by defendant Horowitz and that he would receive the funds in one month.

19. Stern conveyed this information to plaintiffs.

20. These representations were false and defendant Werzberger knew that they were false.

21. Upon information and belief, defendant Horowitz authorized said false representations and knew them to be false.

22. The defendants made said representation with the intent to defraud plaintiff DAVID COHEN by inducing plaintiff not to seek payment from LaSuisse so that defendants could convert the funds.

23. Stern advised plaintiffs of said representations.

24. P0laintiffs did not know that the aforesaid representation were false.

25. The defendants made said representations with the intent to defraud said plaintiff by inducing him not to seek payment from LaSuisse so that defendant Horowitz could convert the funds.

26. The funds in question were not sent to plaintiff within the approximately one month period promised by Werzberger.

27. Stern continued to call Werzberger almost every week to inquire as to the status of the funds in question.

28. From June 2006 until January 2007, Werzberger represented to Stern that the funds were delayed because of unspecified problems at La Suisse, but continuously assured him that the funds would be received by plaintiff before long.

29. These representations were false and defendant Werzberger knew them to be false.

30. Upon information and belief, defendant Horowitz authorized said false representations and knew them to be false.

31. Stern advised plaintiffs of said representations

32. Plaintiffs did not know that such representations were false.

33. On or about February 15, 2007, defendants sent to plaintiff EZRA COHEN two checks totaling 68,127.13 Swiss Francs.

34. By issuing said checks, defendants represented that there were sufficient funds in the bank account to cover those checks.

35. This representation was false and defendants knew it to be false.

36. Plaintiffs did not know that such representation was false.

37. Relying on the aforesaid false representation, plaintiff EZRA COHEN cashed the checks at Casa de Cambio Tiber, a check cashing agency in Mexico.

38. Plaintiff EZRA COHEN used the sum received from Casa de Cambio Tiber to repay debts that were owed by DAVID COHEN.

39. The checks which plaintiff cashed were dishonored and returned to Casa de Cambio Tiber because there were insufficient funds in the account to cover either check.

40. Plaintiff EZRA COHEN, acting on his own behalf and on behalf of plaintiff DAVID COHEN, was thereby compelled to borrow $55,000.00 and is paying interest at the rate of 4% per month; as of September 30, 2007, plaintiff has paid $14,400.00 in interest and interest continues to accrue at the rate of 4% per month.

41. In addition, Casa de Cambio Tiber charged plaintiff costs and fees totaling $4,600.86 because the checks were returned.

42. Moreover, Casa de Cambio Tiber demanded immediate repayment of the money given to plaintiff.

43. Upon information and belief, failure to immediately repay the sum cashed by plaintiff is a crime in Mexico.

44. Fearing arrest, plaintiff left his home for ten days weeks and suffered severe emotional distress.

45. Plaintiff was unable to repay the sum given to him by Casa de Cambio Tiber for a period of approximately ten days, when he was able to borrow enough money to return the sum in question, plus costs and fees, to Casa de Cambio.

46. The defendants' objective in making the aforesaid false representations was to obtain the sum due to plaintiff from La Suisse and to retain said sum for Horowitz.

WHEREFORE, plaintiff demands judgment (a) against defendant

ELIAS HOROWITZ on the First Cause of Action in the sum of

$69,341.86 in actual damages, plus damages which accrue during the

pendency of this action and $500,000.00 in punitive damages, together

with costs, disbursements and attorney's fees, and (b) against defendants

ELIAS HOROWITZ and SARAH WERZBERGER, jointly and severally,

on the Second Cause of Action, in the sum of $69,341.86 in actual

damages, plus damages which accrue during the pendency of this action and

$500,000.00 in punitive damages, together with costs, disbursements and

attorney's fees.

_____

SOLOMON ROSENGARTEN (SR-8050)
Attorney for Plaintiff
1704 Avenue M
Brooklyn, New York 11230
(718) 627-4460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EZRA COHEN,                                    Case No. 07 CIV 5834
                                               JUDGE CASTEL

        Plaintiff,

     -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

        Defendants

---------------------------------------------------------------------x


# MEMORANDUM OF LAW ON BEHALF OF PLAINTIFF

SOLOMON ROSENGARTEN (SR-8050)
Attorney for Plaintiff
1704 Avenue M
Brooklyn, New York 11230
(718) 627-4460

## **LEGAL ARGUMENT**

THE COURT SHOULD GRANT LEAVE
TO   PLAINTIFF   TO   AMEND   THE
AMENDED COMPLAINT

F.R.Civ.P. 12(a) provides that a Court may permit a party to amend a pleading and that "leave shall be freely given when justice so requires." It well settled that leave to amend should be granted were there is no prejudice to the opposing party. Littlejohn v. Artuz, 271 F. 2d 360, 362-363 (2nd Cir. 2001). This is particularly true when discovery has barely begun. Aetna Cas. & Sur. Co. v. Amero Concrete Co., Inc., 404 F. 2d 566 (Appendix at 581).

In the instant case there could be no prejudice to the defendant because the proposed additional plaintiff, David Cohen, is the beneficiary of the proceeds of the insurance policy which defendant's converted. Defendants are well aware of the terms of the policy as they acted as agents on behalf of the insurance company.

Moreover, this case is at an early stage and the only discovery engaged in is the submission of disclosure by the plaintiff pursuant to F.R.Civ.P. 26(a)(1). Furthermore, David Cohen is free to commence a separate action on his behalf. Such an action would no doubt be consolidated with the instant case. In addition, defendant Werzberger has not yet been served with the amended complaint and she has neither appeared or answered.

## **CONCLUSION**

For the foregoing reasons, the undersigned respectfully submits that the Court should grant plaintiff leave to amend the amended complaint and add an additional plaintiff.

Dated:        October 26, 2007

Solomon Rosengarten