UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EZRA COHEN,                                    Case No. 07 CIV 5834
                                               JUDGE CASTEL

        Plaintiff,

   -against-

ELIAS HOROWITZ, a/k/a AL HOROWITZ, a/k/a
ALISHA E. HOROWITZ, a/k/a ALIASA HOROWITZ
a/k/a ELISHA HOROWITZ and SARAH WERZBERGER,
a/k/a CHAYA SARAH WERZBERGER,

        Defendants
-------------------------------------------------------------x


## MEMORANDUM OF LAW ON BEHALF OF PLAINTIFF


                                              SOLOMON ROSENGARTEN (SR-8050)
                                              Attorney for Plaintiff
                                              1704 Avenue M
                                              Brooklyn, New York 11230
                                              (718) 627-4460

## **PROCEDURAL HISTORY**

This is an action to recover a sum of money which was converted by defendants. Defendant Horowitz was served with the summons and complaint herein. Defendant Horowitz served an answer. At a conference, this Court ordered plaintiff to amend his cause of action for fraud. The complaint was amended in accordance with the Court's Order.

On September 25, 2007, this Court held a telephone conference with counsel for plaintiff and defendant Horowitz. On October 26, 2006, the Court issued a Case Management Plan, which provided, <u>inter alia</u>, that any motion to amend or add parties must be filed within 30 days of the date of this Order.

Defendant Werzberger was served with the summons and complaint. However, she has not yet been served with the amended complaint. Neither Ms. Werzberger nor counsel has communicated with plaintiff's counsel.

Plaintiff now seeks to amend the complaint and add an additional plaintiff.

## **LEGAL ARGUMENT**

THE COURT SHOULD GRANT LEAVE TO PLAINTIFF TO AMEND THE AMENDED COMPLAINT

F.R.Civ.P. 12(a) provides that a Court may permit a party to amend a pleading and that "leave shall be freely given when justice so requires." It well settled that leave to amend should be granted were there is no prejudice to the opposing party. <u>Littlejohn v. Artuz</u>, 271 F. 2d 360, 362-363 (2nd Cir. 2001). This is particularly true when discovery has barely begun. <u>Aetna Cas. & Sur. Co. v. Amero Concrete Co., Inc.</u>, 404 F. 2d 566 (Appendix at 581).

In the instant case there could be no prejudice to the defendant because the proposed additional plaintiff, David Cohen, is the beneficiary of the proceeds of the insurance policy which defendant's converted. Defendants are well aware of the terms of the policy as they acted as agents on behalf of the insurance company.

Moreover, this case is at an early stage and the only discovery engaged in is the submission of disclosure by the plaintiff pursuant to F.R.Civ.P. 26(a)(1). Furthermore, David Cohen is free to commence a separate action on his behalf. Such an action would no doubt be consolidated with the instant case. In addition, defendant Werzberger has not yet been served with the amended complaint and she has neither appeared or answered.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully submits that the Court should grant plaintiff leave to amend the amended complaint and add an additional plaintiff.

Dated:     October 26, 2007

_____
Solomon Rosengarten