

# Smith, Buss & Jacobs LLP
ATTORNEYS AT LAW

**MEMO ENDORSED**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/08
```

733 Yonkers Avenue
Yonkers, New York 10704
Telephone: 914-476-0600
Fax: 914-476-0614
www.sbjlaw.com

May 28, 2008

<u>Via Facsimile (212) 805-7949
& Regular Mail</u>

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Cohen v Horowitz, et. al. 07-5834**
Response to May 20th, 2008 letter from Solomon Rosengart, Esq.

Dear Judge Castel:

This firm represents Defendant Elias Horowitz in the above captioned proceeding. I am responding to the allegations made by Plaintiff's counsel, Mr. Solomon Rosengart, in a May 20th, 2008 letter to the Court.

Contrary to the allegations in Mr. Rosengart's letter, Defendant Horowitz certified in his May 9th, 2008 response to Plaintiff's discovery demands that Defendant Horowitz had turned over all documents in his possession or control. A copy of that response, Mr. Horowitz's certification under penalty of perjury that the May 9th production constituted all responsive documents in his possession or under his control, and a copy of the documents produced, were electronically filed with this Court on May 22nd, 2008.

This Court directed that an affidavit or certification of compliance by Mr. Horowitz be filed with the Court on May 9th, 2008. No such affidavit was filed on May 9th, 2008. The failure to file the certification was an oversight on my part as counsel and should not be attributed to Mr. Horowitz who did, in fact, certify on May 9th, 2008 that he had turned over all responsive documents in his possession or control.

Plaintiff's counsel complains that he did not receive full production of the banking records of two non-party corporations, Bituswiss, S.A., and Alice Services, Inc. The existence of these corporations was, upon information and belief, always known to Plaintiff, but Plaintiff elected not to name them as parties. In fact, Plaintiff's application for payment of insurance benefits was made to non-party Alice Services, Inc., at its Switzerland address, and the two dishonored checks which are the subject

Jeffrey D. Buss
Kenneth R. Jacobs
Anthony T. Simari
Thomas W. Smith
Domenick J. Tammaro

Devyn C. Forner
Emanuela Lupu
Peter A. Nenadich
Kalpen K. Shah
Matthew J. Smith
Daniel K. Tan
Maryam C. Toosie

Of Counsel
James R. Anderson
Edgar C. Gentry, Jr.
Gerald Kahn

500 Fifth Avenue • New York, New York 10110
Telephone: 212-688-2400 • Fax: 212-688-3058

---

Handwritten memo endorsement (right margin): If the statements of Mr. Horowitz and his counsel are true, all responsive documents in his possession and control have been produced. No retraint has been placed upon Plaintiff's right to seek discovery from third-parties. Mr. Rosengart is directed to respond by [to be received by] June 21, 2008. So Ordered. [signature] USDJ 5-28-08

of Plaintiff's claim were issued by non-party Alice Services, Inc., from its account with Credit Suisse in Lugano, Switzerland. Plaintiff has not issued any discovery demands to Alice Services, Inc., to Bituswiss, S.A., or to Credit Suisse.

In his February 28th, 2008 deposition, defendant Horowitz testified that he is a shareholder in Bituswiss, S.A., along with non-party Beryl Rosenberg, a resident of Switzerland. He further testified that Bituswiss is a Panamanian Corporation and that Bituswiss is not authorized to do business in New York, (Deposition transcript pages 48-49). Mr. Horowitz further testified that Alice Services, Inc., is a Panamanian Corporation, that Alice Services, Inc., is not authorized to do business in New York, that the sole shareholder of Alice Services, Inc., is Bituswiss, and that Mr. Horowitz is not an officer or director of Alice Services, (Tr. P.50).

In his deposition testimony, Mr. Horowitz testified that Alice Services does not maintain books and records, (Tr. P. 60), that he does not keep a checkbook balance for Alice Services, (Tr. P. 60), that he kept no books and records for the Alice Services account, (Tr. P. 62); that he did not receive any bank statements for Alice Services or any copies of the statements (Tr. P. 62); but that he could access the account online to "check what's going on" (Tr. P. 62).

Subsequent to his deposition, Mr. Horowitz contacted Mr. Beryl Rosenberg, his partner in Bituswiss to request that Mr. Rosenberg obtain and provide him with copies of the Alice Services, Inc., checking account. Mr. Rosenberg refused. I then requested that Defendant Horowitz obtain a written statement from Mr. Rosenberg, which was provided on May 7th, 2008, and turned over to Plaintiff's counsel as part of the document exchange, (attached letter, bate stamped number 201).

Defendant Horowitz testified at his deposition, and certified in his document response, that he did not maintain or have banking records of non-party Alice Services, Inc., or of Bituswiss. Mr. Horowitz then requested the production of these documents from the non-parties, but the non-parties refused, in writing, to produce or turn over the documents to defendant Horowitz.

Plaintiff also requested banking records relating to a transaction between non-party Alice Services and non-party Ben Zion Kish, a resident of Israel. In addition to the issues set forth above relating to the Alice Services banking records, Mr. Horowitz testified that Mr. Kish was a party to an arbitration in Israel, that the arbitration panel had been conducted in confidence and that the arbitration panel had not publicly released its decision, (Tr. P. 113). As such, Mr. Horowitz testified that he did not have a copy of the arbitration decision since it had never been given to him, (Tr. P. 113).

Plaintiff also sought records relating to the disbursement of approximately $70,000 in cash that Mr. Horowitz borrowed to cover a shortfall caused by Mr. Kish's conduct. Mr. Horowitz testified that he distributed this cash to other policyholders to satisfy obligations to those policyholders. Mr. Horowitz did not maintain written

records of these cash transactions and certified in his response that he had no documents relating to these cash transactions.

All documents which Mr. Horowitz produced to me as his counsel have been turned over to Plaintiff's counsel. No documents have been withheld based upon a claim of privilege.

No request for a protective order was made since all documents in defendants's possession or control have been turned over; no document demands have been made to third parties; and this firm does not represent non-party Alice Services, Inc., Bituswiss, S.A., Credit Suisse, or Ben Zion Kish.

As previously suggested, the current situation should be assessed in the overall context of this litigation.

This controversy arose out of a unique policy of insurance which provided for the payment of benefits upon death or marriage. As alleged in Plaintiff's Amended Complaint, the dollar value of the policy at the time of Plaintiff's marriage was $54,941.00 In December of 2007, Plaintiff's attorney agreed to accept $57,641.00 in full settlement of Plaintiff's claim. Approximately one month later, Plaintiff's attorney advised me that he had forgotten to add approximately $4,500 to the settlement figure, and that he was therefore withdrawing his client's settlement offer. At that point, Defendant offered to allow the entry of judgment against him under Rule 68 in the amount of $57,641.(see attached Offer of Judgment).

During Plaintiff David Cohen's February 18th, 2008 deposition, he testified that he had never discussed the case, or even met his attorney until February 17th, 2008 (Tr. Pp 11,12) . Thus, the "settlement", its subsequent "rejection", and the initial prosecution of this case were conducted without the benefit of Plaintiff's knowledge or consent.

Further, this case was initially commenced by Plaintiff's father, who is not a beneficiary of the policy and is not entitled to payment under the policy. This matter was brought to the attention of Plaintiff's counsel in an effort to settle this matter by making payment of the full amount of the benefit, $54,941, to the named beneficiary. Plaintiff's counsel responded by amending the complaint to add the beneficiary as a plaintiff. Subsequently, Plaintiff's counsel agreed to accept the benefit amount, plus an additional sum, in full settlement of the claim. However, as noted above, approximately one month later, without consulting Plaintiff, the offer was withdrawn.

During Plaintiff's deposition it was determined that Plaintiff's initial written application for the payment of insurance benefits was a forgery. Plaintiff testified that he had not signed the application for payment, although something that appeared to be his signature was on the document. The written document was supposedly executed by Plaintiff David Cohen in front of a notary public in Queens, New York, in or about

2006. However, during his deposition Plaintiff testified that he had never been in New York prior to February 17th, 2008, (Tr. pp 8,9 and 11,12).

Despite these obvious infirmities, Defendant offered to pay Plaintiff the full value of the policy in December of 2007. The offer remains outstanding in the form of a Rule 68 Offer of Judgment.

Defendant has consistently maintained that this court lacks diversity jurisdiction since the amount in controversy is less than $75,000, and has repeatedly requested permission to file a motion to dismiss. Plaintiff has argued that he is entitled to recover punitive damages, claiming that the funds in question were converted by Defendant Horowitz, and that with the addition of punitive damages he meets the threshold amount for diversity jurisdiction. Plaintiff even argued during a recent conference that he wanted to amend the complaint a second time to add a RICO claim. Upon information and belief, there is no legal or factual basis for a RICO claim, nor any factual or legal basis for the imposition of punitive damages. As such, it is respectfully submitted that this matter should be settled for the amount of $57,641, or in the alternative, that Defendant be granted leave to file a motion to dismiss for lack of jurisdiction.

Further, it is respectfully requested that this Court not sanction Defendant Horowitz for failing to comply with discovery. Mr. Horowitz has certified that he has turned over all documents in his possession or control to Plaintiff's attorney. The failure of Mr. Horowitz to file the certification with this Court on May 9th, 2008 was the fault of counsel, not Mr. Horowitz.

Respectfully submitted,

Jeffrey D. Buss, Esq.
Attorney for Defendant Horowitz

cc: Solomon Rosengarten, Esq.