UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EZRA COHEN and DAVID COHEN,

                          Plaintiffs,                  07 Civ. 5834 (PKC)

    -against-

                                                            MEMORANDUM
                                                            AND ORDER
ELIAS HOROWITZ and SARAH
WERZBERGER,
                        Defendants.

------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Ezra Cohen purchased a policy of insurance payable upon the marriage of his son, David. David was married but the proceeds have not been paid. Defendants argue, among other things, that the application for the payment of insurance benefits was a forgery. The Cohens, citizens of Mexico, allege that defendant Elias Horowitz received the money from the insurer, La Suisse Life Insurance Company ("La Suisse"), and stole the proceeds. Horowitz is alleged to have signed checks, drawn on the account of Alice Services, Inc ("ASI"), for the proceeds of the policy which he sent to Ezra Cohen. The checks bounced and Horowitz, it is alleged, has refused to make good on them.

        Plaintiff sought documents within the possession and control of defendant Horowitz relating to non-party, ASI and its corporate parent, Bitusswiss S.A. ("Bituswiss"). Horowitz has declared under penalty of perjury that he has produced all requested documents within his possession, custody or control relating to ASI and Bituswiss. Plaintiff asserts that the banking records of ASI, while, perhaps, not in the pos-

Case 1:07-cv-05834-PKC    Document 25    Filed 06/04/2008    Page 2 of 5

-2-

session or custody of Horowitz are within his control.  For the reasons outlined below the Court agrees with plaintiff that the on-line banking records of ASI are within the control of Horowitz.

According to the deposition testimony of Horowitz (Dep. at 48-49, 50-53), ASI is a corporation wholly-owned by Bituswiss.  Both corporations are organized under the laws of Panama.  Bituswiss has two shareholders, one of whom is Horowitz.  Horowitz described Dov Rosenberg (a/k/a Beryl Rosenberg), who resides in Zurich, as his "partner" in the marriage policy business.  Horowitz has signing authority on the accounts of ASI in Switzerland.  ASI was formed for the purpose of receiving funds from an insurer on behalf of policyholders.  At his deposition, Horowitz acknowledged that he "can access online and I could check what's going on" in the ASI bank accounts. (Dep. 62.)

Rosenberg, who is an officer of Bituswiss, has refused on behalf of Bituswiss and ASI to permit the release of the records and invokes unspecified provisions of Swiss Law.  (Attachment to Buss Letter of May 28, 2008.)

Rule 34, Fed. R.Civ. P., permits a party to demand production from another party of designated documents in the party's "possession, custody, or control."  The Second Circuit has restated the principles governing the obligation of a party (upon whom a document demand has been served) to obtain documents from a non-party corporation over which the party exercises some degree of control:

> [A] party is not obliged to produce, at the risk of sanctions, documents that
> it does not possess or cannot obtain. . . We also think it fairly obvious that
> a party [upon whom a Ruler 34 demand is served] also need not seek such
> documents from third parties if compulsory process against the third par-

> ties is available to the party seeking the documents. However, if a party
> has access and the practical ability to possess documents not available to
> the party seeking them, production may be required.

Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007) (citing In Re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 530 (S.D.N.Y.1996); footnote omitted). Legal and practical inability to obtain the requested documents from the non-party, including by reason of foreign law, may place the documents beyond the control of the party who has been served with the Rule 34 request. Shcherbakovskiy, 490 F.3d. at 138. But, even where there is no legal or practical impediment, a Court may properly require the party seeking the documents to endeavor to obtain them from the non-party in the first instance. See id.

Here, the business affairs of Horowitz are arranged in a manner which has impeded plaintiffs' ability to obtain discovery from the non-parties. Horowitz is one of two signators for ASI and one of two shareholders of its parent, Bituswiss. Yet, when asked at his deposition for the identities of the officers of ASI, Horowitz responded "[s]ome Panamanian people," whose names he says he did not know. (Dep. at 50.) The letter from Rosenberg to Horowitz, in which he declines to agree to a release of the documents, further demonstrates the practical difficulty of obtaining the documents directly from ASI and Bituswiss. Rosenberg, a Swiss attorney, makes the bare-bones assertion that Swiss Law prohibits disclosure but offers no support or citation for the proposition, and Horowitz has offered none. Nor has Horowitz submitted any authority for the proposition that accessing the on-line account statements of ASI from within this District and producing them to plaintiffs would violate Swiss Law or subject him to penalties.

-4-

The document request is limited in scope. The documents sought are highly relevant to tracing the whereabouts of the funds allegedly deposited in ASI's account for payment to plaintiffs. The practical ability of Horowitz to access ASI's account on-line is undisputed. (Dep. 62.)

I conclude that plaintiffs have demonstrated that the on-line account information of ASI is within Horowitz's "control" for the purposes of Rule 34. There is ample reason not to require plaintiffs to first endeavor to obtain the documents from ASL and Bituswiss. There is some indication in Rosenberg's letter that some documents may be covered by contractual confidentiality with La Suisse. If defendant Horowitz desires an order limiting further dissemination of the documents, his counsel should endeavor to negotiate an agreement with plaintiffs' counsel and, failing agreement, seek an order from the Court.

Defendant Horowitz is directed by June 13, 2008 to (1) produce the bank records of ASI sought in plaintiffs' document requests (at ¶¶ 3, 9, 12, 13 and 21) to the extent they are available through on-line access; and (2) file a declaration, in accordance with 28 U.S.C. § 1746, attesting to his compliance with this Court's Order. In all other respects, the relief sought by any party is denied.

Failure to comply with any aspect of the foregoing will lead to the full array of sanctions authorized under Rule 37, Fed. R. Civ. P., and the inherent power of the Court, including but not limited to, striking the answer of defendant Horowitz and entry of judgment by default against him.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
June 4, 2008

Case 1:07-cv-05834-PKC    Document 25    Filed 06/04/2008    Page 5 of 5

-5-