**SOLOMON ROSENGARTEN**
Attorney-at-Law
**1704 Avenue M**
**Brooklyn, New York 11230**
**(718) 627-4460**
FAX (718) 627-4456

MEMO ENDORSED

New York
New Jersey

June 16, 2008

Honorable P. Kevin Castel
United States District Judge
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/08
```

    Re:    **Cohen v. Horowitz, et al.**
            **Docket No. 07 Civ 5834 (PKC)**

Dear Judge Castel:

I am the attorney for the plaintiff in the above-entitled matter. I am in receipt of an affidavit of defendant Elias Horowitz asserting that he no longer has on-line access to the Alice Services Inc. ("ASI") account, although he admitted at his deposition that he had such access. The facts herein clearly demonstrate that Mr. Horowitz's affidavit lacks credibility.

It is interesting that Mr. Horowitz conveniently lost on-line access to the ASI account only after the Court ordered him to produce documents demanded by plaintiffs in a Request for Documents served on February 18, 2007. For a period of almost four months since service of the Demand, Mr. Horowitz has not claimed that he lost on-line access to the account.

It is also most significant that the affidavit was filed on June 13, 2008, the deadline for providing the documents. Mr. Horowitz has not stated when he lost such access. In a letter faxed to the Court and counsel for the defendant on May 20, 2008, the undersigned pointed out that Mr. Horowitz testified at his deposition that he had on-line access to the account and that he was therefore in possession of the documents that he was required to produce. By letter dated May 28, 2008, Mr. Buss responded to my letter dated May 20, 2008, but did not assert that Mr.

Honorable P. Kevin Castel, U.S.D.J.
Page 2
June 16, 2008

Horowitz had lost his on-line access to the ASI account. Furthermore, by letter faxed to the Court and counsel on June 2, 2008, the undersigned repeated that Horowitz had on-line access to the ASI account. This was not denied. Moreover, this Court's Order that he produce documents using his on-line access to the ASI account was dated June 4, 2008. If Mr. Horowitz had lost on-line access to the account, counsel would surely have informed the Court of that fact immediately instead of waiting until June 13, 2008.

Furthermore, Mr. Horowitz has not given a credible reason for losing on-line access to the ASI account. His claim that he does not have on-line access to the ASI account because he is not an officer of ASI is false. In a letter to the Court dated April 23, 2008, Mr. Horowitz's attorney, Jeffrey D. Buss, Esq., stated that his client is a **principal** of ASI and Bituswiss.

Moreover, Mr. Horowitz testified that Alice Services is a corporation owned by Bituswiss and that Mr. Horowitz is a 50% shareholder of Bituswiss. Most importantly, Mr. Horowitz was the one who issued and signed Alice Services checks to pay beneficiaries of the "marriage" policies.

I also wish to point out that, in an April 23, 2008 letter to the Court, Mr. Horowitz's attorney stated that his client had requested the records from the Swiss bank where the account was located. Evidently, Mr. Horowitz had authority to access the account as of that date. Defendant has not provided to the Court or to the undersigned the response from the Swiss bank to his request for the records.

Finally, Mr. Horowitz's "proof" that he no longer has on-line access to the ASI account is a printout showing that the log-in code was incorrect. This does not prove that he did not have access to the on-line account as it is very easy to enter an incorrect log-in code and obtain a response that the log-in code is incorrect.

The bottom line is that Mr. Horowitz admitted that he had on-line access to the account, is an officer of both Bituswiss and ASI and signed the checks issued by ASI. He has not explained when his on-line access was terminated or why it was terminated and the first time he mentioned this alleged fact was in his affidavit of

Honorable P. Kevin Castel, U.S.D.J.
Page 3
June 16, 2008

June 13, 2008, despite the fact that the Request for Documents was served on February 18, 2008.

It is manifestly evident that Mr. Horowitz is deliberately violating this Court's Order to provide documents from the on-line service. If he no longer has on-line access to the ASI account, he has arranged for the termination of such access in order to evade this Court's Order.

Given the foregoing, the undersigned respectfully requests that the Court strike the defendant's Answer or schedule a conference pursuant to Local Rule 37.2.

Respectfully yours,

Solomon Rosengarten
SR:oc
Enc.

cc: Smith, Buss & Jacobs (VIA FACSIMILE 914-476-0614)

> (with Order) I will hold an evidentiary hearing on Mr. Horowitz's ability to comply. He is first to be produced for a deposition to be conducted by plaintiff's counsel in advance of the hearing. The hearing will be held on July 1, 2008 at 11:00 a.m.
>
> SO ORDERED
> [signature] USDJ
> 6-16-08